# MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/16/2024

|  |  |
|---|---|
| SAFEDIN DEMIROVIC,<br><br>Plaintiff,<br><br>-against -<br><br>SXB Restaurant Corp. d/b/a IL TINELLO RISTORANTE and XHERAT GOCAJ,<br><br>Defendants | 1:23-cv-11092<br><br>**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

This matter having come before the Court by stipulation of Plaintiff Safedin Demirovic and SXB Restaurant Corp. d/b/a Il Tinello Ristorante ("Il Tinello") and Xherat Gocaj, (collectively, "Defendants"), for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown.

IT IS HEREBY ORDERED THAT THE FOLLOWING PROVISIONS SHALL GOVERN CLAIMS OF CONFIDENTIALITY IN THESE PROCEEDINGS:

(a)  As used in this Order:

    i.  "Action" refers to the above-captioned litigation.

    ii.  "Discovery Material" includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel or gathered through formal discovery conducted pursuant to the Federal Rules of Civil Procedure ("Rule" or "Rules") 30 through 36 and 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

1

iii. A "Producing Party" is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

iv. A "Receiving Party" is a party to this litigation that receives Discovery Material from a Producing Party in this Action. If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(b) This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, confidential Discovery Material shall include:

i. Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

ii. Personnel data of the parties or their employees, including but not limited to, information regarding employment applications; employment references; wages and income; benefits; employee evaluations; medical evaluation and treatment and related records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

iii. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

iv. Medical or mental health information;

v. Records restricted or prohibited from disclosure by statute; and

vi. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices 'confidential,' and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d)  Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation. Before confidential documents are shown to experts, actual witnesses, or proposed witnesses, each person must agree to be bound by this order by signing a document substantially in the form of Exhibit A. If such person refuses to sign a document substantially in the form of Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court. The parties agree that any discovery material produced in this litigation and designated as confidential or for attorney's eyes only may only be used in connection with this litigation.

(e)  Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f)  The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order.

(g)  If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h)  If any court filing incorporates confidential material or would reveal its contents, the portions of such filing shall be delivered to the Court in a sealed envelope prominently bearing the caption of this action and the label "Confidential. Filed Under Seal." Counsel shall file under seal those and only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information, unless independent good cause is demonstrated.

(i)  Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(j)  In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(k)  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

DATED: 07.16.24

/s/ *Steven Bennett Blau*

Steven Bennett Blau, Esq.
BLAU LAW GROUP, P.C.
455 Central Park Avenue, Suite 216
Scarsdale, NY 10583
sblau@blaulawgroupny.com
Counsel for Plaintiff

DATED:

s/Shannon D. Azzaro

Shannon D. Azzaro, Esq.
JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, NY 10017
Shannon.azzaro@jacksonlewis.com
Counsel for Defendants

4

Notwithstanding anything in the foregoing to the contrary, the parties must comply with the Undersigned's Individual Practices in Civil Cases regarding the filing of any document in redacted or sealed form.

SO ORDERED.

*Valerie Caproni*  7/16/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE